UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Harry Gene Butler, #237693, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>Dr. Moore, Director of Medical; Dr. )<br>Byrne, )<br>)<br>Defendants. )<br>_____ | C/A. No.: 3:11-cv-02775-GRA-JRM<br><br>**ORDER**<br>(Written Opinion) |

This matter comes before the Court for review of United States Magistrate Judge Joseph R. McCrorey's Report and Recommendation ("Report") made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina, which was filed December 14, 2011. ECF No. 14. Plaintiff Harry Gene Butler commenced this action on October 14, 2011, pursuant to 42 U.S.C. § 1983. ECF No. 1. Plaintiff is proceeding *pro se*. The matter is before the Court for review of the Report of the United States Magistrate Judge suggesting that the action be dismissed with prejudice for failure to prosecute in accordance with Rule 41(b) of the Federal Rules of Civil Procedure. ECF No. 14. This Court adopts the magistrate's Report in its entirety.

The magistrate judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final

determination remains with the Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). This Court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made, and the Court may "accept, reject, or modify, in whole or in part, the recommendations of the magistrate." 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate with instructions." *Id.*

The magistrate judge filed the Report on December 14, 2011, but Plaintiff failed to file any objections to the Report or notify the Court within the time set forth for filing objections to the Report that he wished to continue with the case and provided a current address. In the absence of such objections, the Court is not required to give any explanation for adopting the recommendation. *Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Moreover, a failure to object waives appellate review. *Wright v. Collins*, 766 F.2d 841, 845–46 (4th Cir. 1985).[1]

After a thorough review of the Report and the record in this case pursuant to the standard set forth above, the Court adopts the Report and incorporates it herein.

---

[1] The Court notes that Plaintiff is likely unaware of the Magistrate Judge's Report as it appears that mail from the Court to Plaintiff has been returned as undeliverable. However, in light of the present posture of the case and the fact that Plaintiff has failed to keep the Court apprised of his current mailing address, despite being ordered to do so, the Court has no option but to dismiss the action.

**IT IS THEREFORE ORDERED** that the action be **DISMISSED** *with prejudice* for failure to prosecute.

**IT IS SO ORDERED**.

G. Ross Anderson, Jr.
Senior United States District Judge

January  19 , 2012
Anderson, South Carolina

### NOTICE OF RIGHT TO APPEAL

Pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure, Plaintiff has the right to appeal this Order within thirty (30) days from the date of its entry. Failure to meet this deadline, as modified by Rule 4 of the Federal Rules of Appellate Procedure, **will waive the right to appeal.**